IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CORRALES RAMON ROBINSON,**

    Petitioner,

v.                                   Civil Action No. 3:10CV574

**GENE JOHNSON,**

    Respondent.

## MEMORANDUM OPINION

Corrales Ramon Robinson, a former Virginia prisoner[1] proceeding <u>pro se</u> and <u>in forma pauperis</u>, brings this petition for a writ of habeas corpus challenging his conviction in the Henrico County Circuit Court ("Circuit Court") for unlawful wounding. Robinson contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | "The appellate court should set aside the credibility determination made by the trial court as the testimony of Dean Greer inherently incredible so as to be unworthy of belief."[2] (§ 2254 Pet. 8.)[3] |
| Claim Two | "The Circuit Court erred in finding that the attack on Dean Greer was made by [Robinson] with the intent to maim, disfigure, disable or kill." (§ 2254 Pet. 9.) |

---

[1] Robinson is currently incarcerated in a North Carolina federal prison.

[2] Capitalization of quotations to Robinson's submissions has been corrected.

[3] Robinson did not number the pages of the attachments to his petition. The Court employs the page numbers assigned by CM/ECF.

Respondent has moved to dismiss on the grounds that Claim One is meritless and Claim Two is procedurally defaulted. Robinson has responded. The matter is ripe for disposition.

I. **PROCEDURAL HISTORY**

On February 26, 2008, following a bench trial, Robinson was found guilty of unlawfully wounding Dean Greer. The Circuit Court, on July 30, 2008, sentenced Robinson to a three-year term of imprisonment.

Robinson appealed. In the Court of Appeals of Virginia, Robinson assigned two errors: (1) "The appellate court should set aside the credibility determination made by the trial court as the testimony of Dean Greer was inherently incredible so as to be unworthy of belief," and (2) "The Circuit Court erred in finding that the attack on Greer was made by [Robinson] with the intent to maim, disfigure, disable or kill." Petition for Appeal at 2, Robinson v. Commonwealth, No. 1911-08-2 (Va. Ct. App. filed Dec. 3, 2008); (Br. Supp. Mot. Dismiss Ex. E).[4] The Court of Appeals of Virginia treated Robinson's first assignment of error as a general challenge to the sufficiency of the evidence based on the alleged incredulity of Greer's testimony. Robinson, No. 1911-08-2; (Br. Supp. Mot. Dismiss Ex. C). The Court of Appeals of Virginia denied the first assignment of error after review on the merits. The

---

[4] These assignments of error are identical to Robinson's present claims for federal habeas relief.

2

Court of Appeals of Virginia denied the second assignment of error because it was not presented to the trial court, in violation of Rule 5A:18 of the Rules of the Supreme Court of Virginia.[5]

Subsequently, Robinson appealed to the Supreme Court of Virginia. Robinson raised the same two issues again. Petition for Appeal at 2-3, Robinson v. Commonwealth, No. 091586 (Va. filed Aug. 4, 2009). The Supreme Court of Virginia summarily refused the petition for appeal. Robinson, No. 091586 (Va. Nov. 19, 2009).

Robinson did not file a petition for a writ of habeas corpus in the state courts.

## II. FACTUAL HISTORY AND CLAIM ONE

In Claim One, Robinson challenges the sufficiency of the evidence used to convict him for unlawfully wounding Dean Greer. Specifically, Robinson contends that Greer's testimony was inherently incredible and unworthy of belief. Robinson urges this Court to discredit the state court's determination that Greer was credible.

---

[5] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Sup. Ct. Va. Rule 5A:18. Despite making this ruling, the Court of Appeals of Virginia nevertheless summarized the record and concluded that there was sufficient evidence to prove the requisite intent. Robinson v. Commonwealth, No. 1911-08-2 (Va. Ct. App. Mar. 31, 2009).

Robinson raised this claim before the Court of Appeals of Virginia. The Court of Appeals of Virginia summarized the evidence as follows:

> [T]he evidence proved that seventy-three-year-old Dean Greer saw [Robinson] in a van in the parking lot of a business. Greer had been looking for [Robinson] in order to exchange a computer for the title to the van. Greer had given the van to Nina Brooks, and [Robinson] lived with Brooks. Greer also paid for Brooks'[s] housing and testified he was not upset that [Robinson] was driving the van and staying with Brooks. Greer had spoken to [Robinson] a few times on the phone. Greer testified that after [Robinson] saw him, [Robinson] left in the van, but returned, jumped out of the van, and [Robinson] hit him in the eye with a firearm. After [Robinson] hit Greer, [Robinson] stated, "Do you want some more?" Greer testified [Robinson] was alone when he attacked him. Greer received medical treatment for a cut to his head and an eye injury. Photographs of Greer's injuries were admitted into evidence.
> Tyree Robinson, [Petitioner Robinson's] brother, testified he was with [Robinson] and they saw Greer. [Tyree] testified [Robinson] told Greer he was going to Brooks'[s] home to pick up items and Greer should follow them. [Tyree] testified that when Greer did not follow them, they returned to the parking lot, Greer attacked [Robinson] and he hit Greer. [Tyree] admitted he had not previously come forward with this information. [Robinson], a convicted felon, testified he knew Greer needed the van back, but Greer failed to follow him to Brooks'[s] house. [Robinson] testified Greer was upset that he was driving the van Greer had given Brooks and that he had a romantic relationship with Brooks.

Robinson v. Commonwealth, No. 1911-08-2, at 1-2 (Va. Ct. App. Mar. 31, 2009).

In conducting the present federal habeas review, the findings of fact by the Virginia Court of Appeals are presumed correct. See 28 U.S.C. § 2254(e)(1); Pope v. Netherland, 113 F.3d 1364, 1367 (4th Cir. 1997) (citing Sumner v. Mata, 449 U.S. 539, 546-47

4

(1981)); see also Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010); Cagle v. Branker, 520 F.3d 320, 324-25 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Robinson has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Federal courts sitting in habeas, however, have "'no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'" Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)(quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)); see also United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983) (holding that federal habeas courts, when making a sufficiency-of-the-evidence determination, do not weigh the evidence or review the credibility of witnesses) (citing Glasser v. United States, 315 U.S. 60, 80 (1942); Pigford v. United States, 518 F.2d 831, 836 (4th Cir. 1975)).

Even so, the Court has reviewed Robinson's claims. Robinson insists that Greer is unworthy of belief because he was motivated at trial by his romantic interest in Ms. Brooks. Robinson has not rebutted the state court's factual finding by clear and convincing evidence.

Moreover, Robinson has failed to demonstrate that the evidence was insufficient to convict him of unlawful wounding. A federal habeas petitioner is entitled to relief on a challenge to the

5

sufficiency of the evidence only if "no rational trier of fact could have found proof of guilty beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

The relevant statute for unlawful wounding provides:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-51 (2007). As recited above, considered in the light most favorable to the prosecution, sufficient evidence exists for a fact-finder to conclude that Robinson struck Greer and that Robinson had no lawful right to strike Greer. Moreover, considering that Robinson struck Greer in the eye with a firearm, and considering Greer's age, the evidence is sufficient for a fact-finder to conclude that Robinson intended to maim or disable Greer.

Accordingly, Claim One will be DISMISSED.

Although Claim Two lacks merit for the reasons discussed above, it is appropriate to note, for the reasons stated below, that Claim Two also is subject to dismissal as procedurally defaulted.

6

## III. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all "available state remedies before he can apply for federal habeas relief." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly

7

present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (quoting Matthews, 105 F.3d at 911). Moreover, "[f]air presentation mandates that the federal claim 'be presented face-up and squarely . . . . Oblique references which hint that a theory may be lurking in the woodwork will not suffice.'" Id. (omission in original) (quoting Matthews, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." Id. (citing Duncan, 513 U.S. at 366); see Gray v. Netherland, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." Matthews, 105 F.3d at 911 (citing Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a

state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1).[6] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

Robinson has not fairly presented Claim Two to the Supreme Court of Virginia. Although Robinson raised it before the Court of Appeals of Virginia, that court was barred from reviewing the claim pursuant to Rule 5A:18 of the Rules of the Supreme Court of Virginia. When the Supreme Court of Virginia refused Robinson's petition for appeal, it is deemed to have made the same ruling as

---

[6] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." Matthews, 105 F.3d at 911 (citing Sweezy v. Garrison, 694 F.2d 331, 331 (4th Cir. 1982)).

9

the Court of Appeals of Virginia. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"). Rule 5A:18 constitutes an independent and adequate state ground for denying relief. See <u>Weeks v. Angelone</u>, 176 F.3d 249, 270 (4th Cir.1999); <u>Washington v. Jarvis</u>, 137 F. App'x 543, 550 n.6 (4th Cir. 2005).[7]

Robinson attempts to cure his default by asserting ineffective assistance of counsel. (Pet'r's Br. Opp. Mot. Dismiss 4-5.) Because Robinson's proposed claims of ineffective assistance of counsel are defaulted, they cannot serve as cause to excuse the default of any of his other claims. See <u>Edwards v. Carpenter</u>, 529 U.S. 446, 452-53 (2000). Accordingly, Claim Two is procedurally defaulted and will be DISMISSED.

---

[7] The fact that the Court of Appeals of Virginia alternatively discussed the merits of Claim Two provides no solace for Robinson because the judgment contains a plain statement which clearly and expressly rests on a state procedural bar. <u>Felton v. Barnett</u>, 912 F.2d 92, 95 (4th Cir. 1990).

## IV. CONCLUSION

The motion to dismiss (Docket No. 9) will be GRANTED. The motion for an extension of time to file a response (Docket No. 14) will be GRANTED. Robinson's response (Docket No. 15) will be DEEMED timely filed. The petition for a writ of habeas corpus will be DENIED and the action will be DISMISSED WITH PREJUDICE.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated above, Robinson has not satisfied this standard. Accordingly, the Court will DENY a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Robinson and counsel of record.

And it is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: July 8, 2011
Richmond, Virginia